**Harold W. HORNE, Plaintiff,**

v.

**SINGER BUSINESS MACHINES, INC., Defendant.**

**No. C–75–416.**

United States District Court, W. D. Tennessee, W. D.

Jan. 20, 1976.

Harold W. Horne, pro se.

C. Barry Ward, Memphis, Tenn., for defendant.

WELLFORD, District Judge.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant has moved for summary judgment on the ground that, as a matter of law on the uncontroverted material facts in the record, the plaintiff falls within the "administrative employee" exemption from the overtime wage provisions of the Fair Labor Standards Act.

29 U.S.C. § 213(a)(1) provides in pertinent part:

"(a) The provision of section 6 [minimum wages] . . . and section 7 [maximum hours] [of this title] . . . shall not apply with respect to—

(1) Any employee employed in a bona fide executive, administrative, or professional capacity . . . (as such terms are defined and delimited from time to time by regulations of the Secretary . . . )"

■ The regulations promulgated by the Secretary of the Department of Labor serve as a guide to the courts in interpreting the statute. *See Clougherty v. James Vernor Co.*, 187 F.2d 288 (CA 6, 1951), *cert. den.*, 342 U.S. 814, 72 S.Ct. 28, 96 L.Ed. 616. The applicable regulation, 29 C.F.R. § 541.2, reads, as pertinent:

"The term 'employee employed in a bona fide administrative . . . capacity' in section 13(a)(1) of the act shall mean any employee:

(a) Whose primary duty consists of either:

(1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, or . . .

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c)(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

(3) Who executes under only general supervision special assignments and tasks;

(d) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours worked in the work-week to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section; and

(e)(1) Who is compensated for his services on a salary or fee basis at a rate of not less than $125 per week . . . exclusive of board, lodging, or other facilities . . ."

The plaintiff (now a Memphis State University Law student) admits that, while employed by the defendant, his salary met the criteria of 29 C.F.R. § 541.2(e)(1). Did the terms and conditions of his employment as to computer programmer or systems analyst meet the other criteria of the regulations and statutory exemption?

It would appear that plaintiff's primary duties were nonmanual and "white-collar". 29 C.F.R. § 541.203; Deposition of plaintiff, pp. 40–41; Affidavit of plaintiff (filed January 7, 1976), at ¶ IX. In regard to the requirement that the work be "directly related to management policies or general business operations of his employer or his employer's customers," 29 C.F.R. § 541.-205(c)(7) provides:

"In the data processing field some firms employ persons described as systems analysts and computer programmers. If such employees are concerned with the planning, scheduling, and coordination of activities which are required to develop systems for processing data to obtain solutions to complex business, scientific, or engineering problems of his employer or his employer's customers, he is clearly doing work directly related to management policies or general business operations."

■ Plaintiff's work involved responsibility and judgment and was not merely clerical and run-of-the-mill. 29 C.F.R. § 541.-205. Plaintiff modified given computer programs to meet the specific needs of individual customers with whom he consulted, Deposition of plaintiff, pp. 5–6, 9; Affidavit of plaintiff, ¶ II(h), V. On occasions, plaintiff devised whole computer "systems" for customers. Deposition, pp. 6–7; Affidavit, ¶ VIII. Plaintiff spent much time "debugging" computers and explaining their operation to employees of defendant's customers. Deposition, pp. 5–6, 14; Affidavit, ¶ IX. Plaintiff viewed his own position such that he undertook to participate in company policy-making. Affidavit, ¶ XIII. See also, Affidavit of plaintiff's supervisor, Glen Wilson, filed 12/9/75. The record thus suggests that the criterion of 29 C.F.R. 541.2(a)(1) has been established.

Plaintiff appears from his own admission to have "customarily and regularly exer-

cise[d] discretion and judgment." 29 C.F.R. § 541.2(b). He did not merely apply his acquired skills, or make decisions of little consequence, but worked directly with customers in an important position demanding responsibility, judgment and discretion. 29 C.F.R. § 541.207. See Deposition, pp. 15, 22–24, 28, 40–41; Affidavit, ¶ II(h), VIII, IX, although plaintiff has subsequently made some denials of this point. See Deposition, pp. 43–44; Affidavit, ¶ II, V, XV, XVI. It would appear that subsequent denials and contrary assertions to those made in plaintiff's deposition grew out of awareness as to the import of his sworn testimony.

Plaintiff also appears to have operated along specialized or technical lines under only general supervision. Deposition, pp. 10, 22–24; Affidavit, ¶ II(c)(e), V, though, again there are some general denials by plaintiff, Deposition, pp. 42–43.

There appears to be no issue over the requisite percentage of time devoted to "administrative" work, under 29 C.F.R. § 541.-2(d).

The Court thus finds that the record before the Court, and considering the matters presented and arguments made at the hearing in open Court, that the "administrative employee" exemption applies to this plaintiff, and summary judgment should be granted the defendant. To the extent that the plaintiff's Affidavit is inconsistent with his prior deposition (testimony), there does not appear to be presented any genuine issue as to material facts.

Defendant's motion for summary judgment is thus granted. IT IS SO ORDERED.